Lamprey v. Davidson et al.

4

URI L  LAMPREY

*vs.*

WILLIAM F. DAVIDSON, *et al.*

The case of *Burwell vs. Tullis*, 12 *Minn.* 572, determining that the act of 1862 (*Sess. L.* 1862, *ch.* 27) applies to judgments rendered prior to its passage, followed and applied in this case.

In the case of judgment, within the operation of the act of 1862, where executions were issued and levied upon real estate belonging to one or more of the defendants in the executions; the property duly advertised for sale; the sale postponed from time to time for want of bidders, and for want of bidders no sale made, and the executions returned wholly unsatisfied, within five years from the entry of the judgments; the provisions of the act of 1862 were complied with, and the lien of the judgments preserved.

The provision of the *General Statutes ch.* 66 *sec.* 254, limiting the lien of judgments to ten years, does not apply to judgments entered and docketed prior to the time it took effect, the lien of which had been preserved under the act of 1862; following *Davidson vs. Gaston,*

Lamprey v. Davidson et al.

and same *plaintiff vs. Barnes, Gaston and others*, decided at the present term.

*Sec.* 262 *of ch.* 66 *of the General Statutes* requires only tha execution upon a judgment should be issued within ten years; following *Davidson vs. Gaston*, and *same vs. Barnes, Gaston and others*, above cited

This action was prought in the district court for Ramsey county, by the plaintiff, against Wm. F. Davidson, Joseph M. Marshall, and Joseph M. Marshall, trustee, &c., and others, and was tried without a jury, and resulted in a finding in favor of defendants.   The plaintiff made a motion for a new trial, which was denied, and he appeals from the order denying the same to this court.   The case is fully stated in the opinion of the court          .          .

Lampreys for Appellant.

Allis, Gilfillan & Williams for Respondents.

*By the Court*—McMillan, J—This action was commenced in the district court for Ramsey county, by the plaintiff, who was in possession of the real estate in controversy, for the purpose of determining the adverse claims, estate and interest of the defendants therein under *sec.* 1 *of chapter* 75 *of the General Statutes.*

The cause was tried by the court without the intervention of a jury and resulted in a finding in favor of the defendants, Marshall, trustee, and Davidson as *cestui que trust.*   A motion for a new trial was made by the plaintiff in the action, which was denied, and from the order denying such motion the plaintiff appealed to this court.

It appears from the facts found by the court, that the title of the defendant, Joseph M. Marshall, is based upon a sale of the premises to him as trustee, by the sheriff of

Lamprey v. Davidson et al.

Ramsey county, under and by virtue of executions issued upon nine judgments against William H. Randall and others in the life time of said William H. Randall, and while he was seized in fee simple absolute of the premises and in possession thereof, as follows, to wit:

1.   One on the 11th of August, 1857, in favor of Sherwood D. Gould against William H. Randall and others for $474.76.

2.   One on the 13th of August, 1857, in favor of Charles N. Mackubin and Erastus S. Edgerton against said William H. Randall and others for the sum of $5,183.97.

3.   One on the 18th day of August, 1857, in favor of Charles N. Mackubin and Erastus S. Edgerton against said William H. Randall and others for $2,541.05.

4.   One on the 25th of August, 1857, in favor of John W. Hurd against said William H. Randall and others for $894.30.

5.   One on the 26th of August, 1857, in favor of Edwin Caldwell, Albert Caldwell and Joel E. Whitney against said William H. Randall and others for $1,450.80.

6.   One on the 31st of August, 1857, in favor of Alexander Vance Brown and John Mortimer Hall against said William H. Randall and others for $1,613.35.

7.   One on the 31st of August, 1857, in favor of said John Mortimer Hall and Alexander Vance Brown against said William H. Randall and others for the sum of $549.11.

8.   One on the 1st day of September, 1857, in favor of Artemas Gale against said William H. Randall and others for the sum of $589.52.

9.   One on the 10th day of September, 1857, in favor of Gurdon H. Edgerton against said William H. Randall and others for $1,430.95.

Each of these judgments was duly docketed on the day

it was rendered, in said county of Ramsey, and afterwards, and before the 7th of April, 1858, duly assigned and transferred by the respective owners thereof to said Joseph M. Marshall, trustee, &c.

The defendant Davidson's title and interest in the premises is based, 1st, upon the conveyance thereof to him by Hunt, who was the grantee of the heirs of William H. Randall.

2d. As *cestui que trust* ;—being the owner and holder of the quarter part of the notes and indebtedness secured by a certain mortgage, executed by said William H. Randall to said Joseph M. Marshall as trustee for the creditors, whose claims were embraced in the mortgage, and for whose further security the above mentioned judgments were assigned and transferred to Marshall in trust, and for whose benefit he purchased the premises in controversy at the sheriff's sale under the executions issued upon the said judgments.

The plaintiff's title to the premises is based upon three judgments rendered in the district court for Ramsey county, to wit:

1. One on the 29th day of September, 1857, in favor of Peter Berkey against William H. Randall and others for $1,485.37.

2. One on the 2d day of October, 1857, in favor of John Mortimer Hall against William H. Randall, James L. Farwell and others for $425.74.

3. One on the 6th day of October, 1857, in favor of John W. Hurd against William H. Randall and others for $2,286.92.

Upon these three judgments such proceedings were had, that under and by virtue of an execution issued upon the judgment in favor of Berkey, the premises in the complaint

were sold to Uri L. Lamprey, the plaintiff; and under and by virtue of an execution issued upon the judgment in favor of John Mortimer Hall, the premises were sold to and conveyed by the sheriff to John B. Sanborn, who afterwards conveyed the same to the plaintiff; and under and by virtue of an execution issued upon the judgment in favor of John W Hurd, the premises were sold to Morris Lamprey, who afterwards conveyed the same to the plaintiff.

No redemption has been made from either of the sales to Marshall, trustee.

It is found by the court, that no execution was issued or returned no property found, upon any of the judgments under which Marshall, trustee, &c., claims, within five years from the time of the entry of said judgments, *except* upon said judgments in favor of John W. Hurd against William H Randall and others, and said judgment in favor of Edwin Caldwell, Albert Caldwell and Joel E. Whitney against said William H Randall and others.

It has already been determined by this court that the act of 1862 (*Laws of* 1862, *ch.* 27) applies to judgments rendered prior to its passage. *Burwell vs. Tullis,* 12 *Minn.* 572; *Davidson vs Gaston, ante, p.* 230. So far, therefore, as all the judgments under which Marshall claims title are concerned, *except* the two last mentioned, the liens were discharged, and need not be further considered.

But the judgment in favor of John W. Hurd against Randall and others was rendered and docketed on the 25th of August, 1857, and that in favor of Edwin Caldwell, Albert Caldwell and Joel E Whitney was rendered and docketed on the 26th of August, 1857, and became liens on the premises in controversy from those dates respectively.

These were both prior in date to either of the judgments under which the plaintiff claims title, and the heirs of Ran-

dall, through whom Davidson claims a legal title to the premises, took the same, subject to the lien of these two judgments. If, therefore, the liens of these two judgments were preserved, and the proceedings upon them, by which Marshall, trustee, &c., claims title, are valid and regular, Marshall's title as trustee, under the execution sale is good and paramount to the plaintiff's, and also to Davidson's title under the conveyance from Hunt.

The court below finds that upon said judgment in favor of John W. Hurd, (the judgment rendered August 25th, 1857, under which Marshall claims) execution was duly issued on the 10th day of October, 1857; that under and by virtue of said judgment and execution the sheriff levied upon certain real estate of the defendants William H. Randall and Charles G. Petteys: that the same was duly advertised for sale on the 20th of February, 1858, at which time the sale was postponed for want of bidders, and was postponed for want of bidders, from time to time, until the 4th of March, 1858, when the said real estate was again offered and there were no bidders, and that the sheriff therefore returned the said execution wholly unsatisfied.

That on the 26th of August, 1857, execution was duly issued upon said judgment in favor of Edwin Caldwell, Albert Caldwell and Joel E. Whitney; that said execution was duly levied upon certain real estate of D. A. J. Baker, one of the defendants in said judgment; that the same was duly advertised for sale on the 20th of October, 1857, and offered for sale on that day; that the same remained unsold for want of bidders, and that the said execution remained wholly unsatisfied; that the execution was afterwards returned with the return of the sheriff thereon that he could find no personal property of the defendants therein, whereon to levy. The issuing of these executions and levy

thereof upon the property of defendants in the executions respectively, which levies were ineffectual for want of bidders at the sale, was a compliance with the requirements of the act of 1862 referred to; the liens of these two judgments were therefore preserved. *Davidson vs. Barnes, Gaston and others, ante,* 230, the present term.

The executions upon which the sale was made to the defendant Marshall, trustee, &c., were issued and levied upon the premises described in the complaint, on the 17th day of August, 1867, and the sale was made on the 2d of October, 1867.

It has been determined by this court, at the present term, that the provision of the *General Statutes, ch.* 66, *sec.* 254, limiting the lien of judgments to ten years, does not apply to judgments entered and docketed prior to the time it took effect, the lien of which had been preserved under the *act of* 1862, and that *sec.* 262 *of ch.* 66 *of the Gen. Stat.* requires only that execution upon a judgment should be issued within ten years, which in this case was done. *Davidson vs. Gaston, and same vs. Barnes, Gaston and others,* decided at the present term. The proceedings, therefore, upon the judgments in favor of John W. Hurd *vs.* William H. Randall and others, docketed on the 25th day of August, 1857, for $894.30, and the judgment in favor of Edwin Caldwell, Albert Caldwell and Joel E. Whitney against said William H. Randall and others, docketed on the 26th day of August, 1857, for $1,450.80, under which the defendant Marshall, trustee, &c., acquired title, are regular and valid, and his title paramount to the claim of the plaintiff, and also to the claims of *legal* title of Davidson.

It is not necessary for us, therefore, to consider any of the other questions presented in this case.

Davidson, as owner and holder of certain of the notes

secured by the mortgage given by Randall to Marshall as trustee, and for the further security of which Marshall as trustee purchased the premises in controversy at the sale by the sheriff under the judgments above referred to, has an equitable interest in the premises.

The findings of the court below were correct, and a new trial was properly denied.

Order affirmed.